(118 App. Div. 23)

BENDER v. PAULUS et ux.

(Supreme Court, Appellate Division, Second Department.   March 1, 1907.)

1. WILLS—INVALID PROVISION—TESTAMENTARY TRUSTS—POWER OF SALE.

Where property is devised to executors in trust with a power of sale, and the devise is invalid because of want of capacity of the beneficiaries to take, the trust and power of sale also fails, but, if the devise is valid in part, the trust and power of sale may be exercised to the extent necessary to carry the valid portion of the devise into effect.

2. DESCENT AND DISTRIBUTION—INTESTATE PROPERTY—ESTATE OF HEIR.

Where property descends to an heir because of the failure of a devise, the heir takes subject to any burden imposed on the property by the necessity of carrying out the valid provisions of the will.

3. EXECUTORS—SALE OF LAND—PROCEEDS.

Where a portion of a devise to executors in trust, with power of sale, was void because of the inability of some of the beneficiaries to take, the executors had power to sell the whole premises in order to carry out the valid portion, the heir being only entitled to her share of the proceeds of the sale in lieu of the invalid portion of the devise as real estate, unchanged by its conversion into money.

Appeal from Special Term, Queens County.

Action by Catherine Bender against Philipp Paulus and wife. From a Supreme Court judgment in favor of defendants, on a decision of the court rendered after a trial at Queens County Special Term, dismissing the complaint on the merits, plaintiff appeals. Affirmed.

See 95 N. Y. Supp. 670.

The following is the opinion of Mr. Justice Wilmot M. Smith in the court below.

If the entire devise of the premises in question was invalid because of the lack of capacity of all the beneficiaries for whose benefit the devise was made to take the same, there can be no question that the trust estate and power of sale given the executors would also fail, because the object for which these provisions of the will were made had failed.   Jones v. Kelly, 170 N. Y. 401, 63 N. E. 443.   In the case under consideration a devise of a portion of the premises was valid, so that the trust estate and power of sale attempted to be created by the will, so far as they concerned the portion of the premises so devised, were valid.   A person who takes as heir at law premises which descended to him as intestate property by reason of the failure of the testator to make a valid disposition thereof by his will, takes such property subject to any burden imposed thereon by the necessity of carrying out to the best advantage the valid provisions of the will.   Downing v. Marshall, 4 Abb. Dec. 662. In Jones v. Kelly, supra, Chief Judge Parker recognizes this principle in his opinion (at page 409 of 170 N. Y., page 445 of 63 N. E.), where he says: "The real estate may be so situated as to require a sale of all of it in order to execute the valid portions of the will, and thus it will be turned into money in fact, but for the purposes of disposition under the statute as intestate property it will retain its character as real estate."   I must assume in this case, in the absence of evidence to the contrary, that the land in question was so situated as to require a sale of all of it in order to enable the executors to execute the valid devises of a portion of it to the best advantage of the devisees.

I therefore decide that the executors had authority to sell the whole premises in order to carry out the valid devises of a portion thereof, and that plaintiff took the premises subject to the burden that such power of sale might be properly exercised, and that she is entitled only to her share of the proceeds of the sale, taking the same with its character as real estate unchanged by its conversion into money.

It follows that the complaint should be dismissed upon the merits, with costs.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Jacob F. Miller, Max Meyer, and W. G. Phlippeau, for appellant. John E. Van Nostrand and E. V. B. Getty, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Wilmot M. Smith.

---

(120 App. Div. 393)

### In re BAYCHESTER AVE. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

1. **EMINENT DOMAIN—DAMAGES—BUILDINGS MOVED AFTER COMMENCEMENT OF PROCEEDINGS.**

   Where a party moved a house onto her lot after commissioners of estimate and assessment were appointed and hearings begun to take part of the lot for the widening of an avenue, but before the city had acquired title to the land, she was entitled to an allowance for damages on account of the building, without regard to the good or bad faith in moving it.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 359, 360.]

2. **SAME—CONDEMNATION PROCEEDINGS—ASSESSMENT BY COMMISSIONERS.**

   Where, on a hearing before commissioners of estimate and assessment appointed in proceedings to take part of a lot to widen an avenue, it was discovered that a building had been moved onto the lot subsequent to the filing of the damage map, the commissioners should have allowed an adjournment of the matter, to enable the city to ascertain the exact location of the building with respect to the widened street.

3. **SAME—EVIDENCE—DAMAGES.**

   On a hearing before commissioners of estimate and assessment appointed in proceedings to take part of a lot to widen an avenue, where it was found that a house had been moved onto the lot subsequent to the filing of the damage map, it was error to exclude evidence as to whether the house could be moved back onto other land without damage, since, if it could be, the cost of moving and installing it without injury would be an element to be considered in arriving at the just compensation to be awarded.

Appeal from Special Term, New York County.

Application by the city of New York relative to acquiring title to lands for the widening of Baychester avenue. From an order confirming a report of the commissioners of estimate and assessment in favor of Mary A. O'Brien, the city appeals. Reversed, and report remitted to commissioners.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and LAMBERT, JJ.

John P. Dunn, for appellant. John T. Delaney, for respondent.

HOUGHTON, J. The respondent was the owner of a plot of land designated as "parcel 194" on the damage map filed in this proceeding, which was initiated by resolution of the board of public improvements, adopted April 25, 1900. The commissioners were appointed